# The People of the State of Illinois, ex rel J. R. Harris Appellee, v. Patrick J. Howard et al., Appellants.

QUO WARRANTO—*when judgment of ouster erroneous.* If the respondents have failed to perform their duties as public officers a judgment of ouster cannot for that reason be entered against them if their failure was the result of litigation in the course of which they were enjoined from the performance of such duties.

Quo warranto. Appeal from the Circuit Court of Sangamon county; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the November term, 1910. Reversed. Opinion filed October 20, 1911. Rehearing denied December 8, 1911. *Certiorari* denied by Supreme Court (making opinion final).

C. F. MORTIMER and HOGAN & WALLACE, for appellants.

E. S. SMITH and STEVENS & HERNDON, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

This is an information in the nature of a *quo warranto* filed in the Sangamon Circuit Court against defendants, upon the alleged ground that defendants were duly elected members of the Board of Education of a certain high school district lying partly in Sangamon county and partly in Christian county, but that defendants have abandoned and wilfully failed to perform the duties of their said offices and that by reason thereof have forfeited their rights to the offices and to the franchise held by them, and are now usurping the same, etc. Defendants answered by pleading their election to the said offices in due and proper form and by a further plea setting forth that after their election and the due determination of their respective terms of office as required by the statutes, an injunction had issued out of the Circuit Court of Christian county restraining them from performing the duties of their offices, that since the dissolution of said injunction they have resumed their duties as members of the Board of Education, etc. Relator filed replications denying that defendants had exercised and performed the duties of their offices except during the time enjoined, etc.; that defendants failed to take any action towards the dissolution of said injunction and that they have wilfully failed and neglected to establish a high school in said district or do any act necessary therefor.

The court below held defendants were guilty and entered a judgment of ouster; this appeal is prosecuted to reverse that judgment, on the ground that it is not supported by the evidence in the record.

The record discloses that this high school district was established in the spring of 1909, with one-half of the district located in Christian county and one-half in Sangamon county, that after the establishment of this district the Board of Trustees met for the purpose of calling an election to elect a school board for the high school district. The Board of Trustees at this meeting did not specify any place where said election should be held; the direction to the township treasurer to call this election designated no place where the election should be held. The matter of its location was not determined at any meeting of the board but by two of the members of the Board, who selected the town hall in Pawnee as the place for holding the election, and under their direction the township treasurer designated in the notice of election the town hall at Pawnee as the place for holding the same. Prior to the time of holding this election the Board of Trustees again met and by proper proceeding called an election for the purpose of electing a Board of Education and designated Hopewell School House in said district as the place where such election should be held. Elections were held in accordance with each of said notices. The Board elected at the town hall in Pawnee assumed the duties of such Board and proceeded with the duties required of such Board; they called an election to select a site, to issue bonds, to construct a school house, and directed the levying of a tax for the district. No bonds were ever issued and no site selected, but a tax levy was made by this Pawnee Board.

Proceedings were instituted by a taxpayer of the district and an injunction issued by the Christian Circuit Court restraining both the Board elected at the Pawnee town hall and the Board elected at the Hopewell School House, from proceeding with the duties of such board and from making any collection of this tax. *Quo warranto* proceedings were also begun against

the Board claimed to have been elected at the town hall in Pawnee, information was filed, and upon a hearing a judgment of ouster was rendered against that Board upon the ground that the Board of Trustees had selected no place for holding the election at which they pretended to have been elected. During the time the Pawnee Board was acting as the Board of Education the Board elected at the Hopewell School House did not undertake to perform or assume the duties of that office. After the judgment of ouster against the Pawnee Board, the injunction issued restraining the collection of the tax was, through the action of defendants, dissolved, and from the decree dissolving that injunction an appeal was prosecuted to the Supreme Court, but the injunction continued in force only as to the collection of the tax. Upon a hearing in the Supreme Court, the decree of the Chancellor was affirmed upon the ground that the Pawnee Board was, at the time they had directed the levying of this tax, a *de facto* Board.

While the proceedings were pending in the Supreme Court on appeal from the decree dissolving the injunction, *quo warranto* proceedings were also instituted against defendants, the Board elected at the Hopewell School House, and information filed requiring them to show by what authority they were holding this office; they replied setting forth their election in due and proper form. Replications were filed to these pleas, alleging that this Board had failed, neglected and refused to perform the duties of the office of the Board of Education, that by reason thereof they had abandoned their office. Upon a hearing on this information the court found defendants guilty and rendered a judgment of ouster.

The record in this case discloses that the reason and cause for the failure of these defendants to perform the duties of the office of the Board of Education

was the litigation pending and the injunction restraining them from performing their duties as such Board, the first litigation commenced being the information filed against the Pawnee Board, that Board having usurped the office and its members having certificates of election and performing all of the duties of the office prevented this Board from proceeding therewith. The record further discloses that upon complaint to him, the county superintendent of schools of Sangamon county, by virtue of his office, pretended to hold proceedings for the purpose of investigating the charge that these defendants had failed, neglected and refused to perform their duties, but that without a hearing or without any evidence being taken by him and without any opportunity given to these defendants to refute the charges made against them, pretended to remove them from office, and made a record of such removal in his office. The record further discloses that this Board, after the dissolution of the injunction granted by the Christian Circuit Court, and before these proceedings were begun, proceeded to call and hold an election to elect successors to certain members of their Board, whose terms of office had expired, that the injunction granted by the Christian Circuit Court, in addition to restraining the collection of the tax, restrained them from attempting to perform any of the duties or obligations imposed upon them by virtue of their office, but that upon appeal to the Supreme Court the injunction was continued in force only as to the collection of the tax and that while the injunction proceedings were pending in the Supreme Court this *quo warranto* proceeding was instituted against them and a judgment of ouster rendered. It is not to be wondered at, under the conditions shown by this record, that the defendants have not performed all of the duties required of them as such officers. This record discloses their failure to have performed these duties

was not by reason of their neglect or refusal, but was occasioned by reason of the litigation, instituted and continued concerning matters relating to this district, over which they had no control and cannot be held responsible for.

The judgment rendered by the trial court is so clearly unwarranted by the evidence that it must be reversed. The cause having been submitted to the trial court without a jury, this court is empowered to render the judgment that should have been rendered by that court, without remanding the cause, and the finding and judgment of this court is that the defendants are not guilty, that the writ be quashed, and the information dismissed at the costs of the relator.

Judgment reversed.

*Reversed.*